IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAYMOND L. RUSH,                                    06-CV-6333-BR

        Plaintiff,                               OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.


KATHRYN TASSINARI
BRENT WELLS
Harder, Wells, Baron & Manning, P.C.
474 Willamette Street, Suite 200
Eugene, OR 97401
(541) 686-1969

        Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney's Office
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1053

1  -  OPINION AND ORDER

**MICHAEL McGAUGHRAN**
Office of the General Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2114

   Attorneys for Defendant


**BROWN, Judge.**

   Plaintiff Raymond L. Rush seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Rush's protective application for Disability Insurance Benefits (DIB) and found Rush ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

   Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.


<u>**ADMINISTRATIVE HISTORY**</u>

   Rush filed applications for SSI and DIB on November 24,

2   -   OPINION AND ORDER

2003.  Tr. 52-54, 347-52.[1]  The applications were denied
initially and on reconsideration.  Tr. 22-28, 31-33.  An
Administrative Law Judge (ALJ) held a hearing on July 24, 2006.
Tr. 376-97.  Rush was represented by an attorney.  Tr. 38, 376-
78.  Rush and a vocational expert (VE) testified at the hearing.
Tr. 376-97.  The ALJ issued a decision on September 5, 2006, in
which he found Rush is not disabled and, therefore, is not
entitled to benefits.  Tr. 12-21.

        The Appeals Council denied Rush's request for review.
Tr. 6-8.  On November 1, 2006, therefore, the ALJ's decision
became the final decision of the Commissioner.  Tr. 6-8.


                            **BACKGROUND**

        Rush was 51 years old at the time of the hearing before the
ALJ.  Tr. 22, 381.  Rush graduated from high school and took some
college courses, but he did not obtain a degree.  Tr. 381-82.  He
has worked as an auto mechanic, an auto-body painter, a welder,
and a security guard.  Tr. 392-93.

        In August 2003, Rush injured his lower back when he was
lifting boxes in his home.  Tr. 152, 193, 228-29, 292, 384.  Rush
has suffered ever since from chronic lower-back and hip pain that
radiates down his right leg.  Tr. 152-53, 198, 263-74, 292, 387.

---

        [1] Citations to the official transcript of record filed by
the Commissioner on June 27, 2007, are referred to as "Tr."

3    -  OPINION AND ORDER

In October 2003, Rush quit his job as an auto mechanic because the pain was too severe to continue working.  Tr. 84, 88, 384. Rush initially alleged a disability onset date of January 1, 1995.  Tr. 52.  At the hearing before the ALJ, however, Rush testified that date was erroneous and amended his disability onset date to October 15, 2003.  Tr. 382.

Rush has been diagnosed with multi-level degenerative disc disease of the lumbar spine, which is most severe at L5-S1. Tr. 150, 181, 183, 198, 254, 326, 331.  MRIs from September 2003, July 2005, and November 2005; a Lumbar CT scan and myelogram in October 2003; and a discography in February 2004 indicate extensive, multi-level degenerative changes in Rush's lumbar spine and reveal effacement of the thecal sac and right S1 nerve without evincing nerve compression.  Tr. 176-77, 181, 230, 252, 254, 258-61, 326-31.  Consistent with these findings, Rush was diagnosed with right L5 radiculopathy.  Tr. 293.  An MRI also revealed mild degenerative joint disease of Rush's hips. Tr. 232.

In addition, Rush has been diagnosed with severe obstructive sleep apnea.  Tr. 302-03.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004

(9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins,* 466 F.3d at 882.  The Commissioner's decision must be upheld even

if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner

6   -   OPINION AND ORDER

determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past. *Stout*, 454 F.3d at 1052. *See also*
20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy. *Stout*, 454 F.3d at 1052. *See also* 20
C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden
shifts to the Commissioner to show a significant number of
jobs exist in the national economy that the claimant can do.
*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The
Commissioner may satisfy this burden through the testimony of a
VE or by reference to the Medical-Vocational Guidelines set forth
in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.
If the Commissioner meets this burden, the claimant is not
disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


**ALJ'S FINDINGS**

At Step One, the ALJ found Rush has not engaged in
substantial gainful activity since his alleged onset date of
January 1, 1998.  Tr. 14.

At Step Two, the ALJ found Rush's degenerative disc disease
of the lumbar spine is a severe impairment.  Tr. 371.  The ALJ
also found Rush's cervical impairment and sleep apnea were not

severe.  Tr. 14-15.

At Step Three, the ALJ found Rush's impairments do not meet
or equal the criteria for any Listed Impairment from 20 C.F.R.
part 404, subpart P, appendix 1.  Tr. 15-16.  The ALJ then
assessed Rush's RFC and found he is able to lift and to perform
simple, unskilled work; to carry 20 pounds occasionally and 10
pounds frequently; to stand or to walk for six hours of an eight-
hour work day and to sit for two hours out of an eight-hour work
day if able to alternate between sitting and standing every ten
to fifteen minutes; and to kneel, stoop, crouch, crawl, push, and
pull occasionally.  Tr. 16.

At Step Four, the ALJ found Rush cannot return to his past
relevant work as an automotive mechanic, auto-body painter, or
welder because Rush is limited to light, unskilled work.  Tr. 19.
The ALJ, therefore, proceeded to Step Five.

At Step Five, based on Rush's RFC, age, work experience,
education, and the testimony of the VE, the ALJ determined Rush
could perform other work that exists in significant numbers in
the national economy.  Tr. 19-20.  The ALJ, therefore, found Rush
is not disabled and is not entitled to benefits.  Tr. 20-21.


## DISCUSSION

Rush contends the ALJ erred by (1) by failing to meet his
burden of proof to support his finding at Step Five that Rush is

9    -   OPINION AND ORDER

capable of performing work that exists in significant numbers in
the national economy; (2) by finding Rush's testimony "concerning
the intensity, persistence and limiting effects" of his
impairments "not entirely credible"; and (3) by failing to give
appropriate weight to the opinion of Steven A. Carp, D.O., Rush's
treating physician.

**I.    Step Five.**

Rush contends the ALJ erred at Step Five by finding Rush is
capable of performing work that exists in significant numbers in
the national economy even though the ALJ established Rush can
only perform sedentary work and the Medical-Vocational Guidelines
require the ALJ to find Rush is disabled in light of his age,
experience, skills, and RFC.  *See* 20 C.F.R. part 404, subpt. P,
app. 2.

As noted, at Step Five the ALJ bears the burden of proving
the claimant can perform work that exists in significant numbers
in the national economy other than his past relevant work.
*Stout*, 454 F.3d at 1052.  The Commissioner may satisfy this
burden through the testimony of a VE or by reference to the
Medical-Vocational Guidelines.  "When the testimony of a [VE]
establishes the level of work a claimant is able to perform, the
ALJ is bound by the favorable results dictated by the grids."
*Distasio v. Shalala*, 47 F.3d 348, 349-50 (9th Cir. 1995)(quoting
*Cooper v. Sullivan*, 880 F.2d 1152, 1156-57 (9th Cir. 1989)).

On the basis of his assessment of Rush's RFC, the ALJ found Rush's "ability to perform all or substantially all of the requirements of [the light exertion] level of work has been impeded by additional limitations." Tr. 20. "To determine the extent to which these limitations erode the unskilled light occupational base," the ALJ asked the VE if a hypothetical person of Rush's age, experience, education, and RFC could perform work that exists in significant numbers in the national economy. Tr. 393. The VE testified such a person could perform the jobs of ticket seller, parking-lot attendant, and electronic worker, which are classified as light, unskilled jobs in the Dictionary of Occupational Titles (DOT). Tr. 20, 393-94.

Rush's counsel asked the VE whether a person who needed to switch between sitting and standing every ten minutes (a limitation the ALJ included in his assessment of Rush's RFC) would be able to do each of the jobs identified by the VE, and she indicated such a limitation would eliminate the job of electronic worker because it is based on production pace. Tr. 395. Rush's counsel also asked the VE to identify the characteristics of the ticket seller and parking-lot attendant jobs that placed them in the "light" exertion category in the DOT. Tr. 395. The VE responded those jobs actually are more properly classified as sedentary in her professional opinion, but they were classified as light exertion when the DOT was written.

11  -  OPINION AND ORDER

Tr. 395-96.

The Ninth Circuit has held:

> The DOT is not the sole source of admissible information concerning jobs. . . . Introduction of evidence of the characteristics of specific jobs available in the local area through the testimony of a vocational expert is appropriate, even thought the job traits may vary from the way the job title is classified in the DOT. . . . [T]he ALJ may rely on the testimony of the vocational expert even if it is inconsistent with the job descriptions set forth in the [DOT].

*Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)(internal quotations omitted).  Here the VE, in effect, testified Rush was only capable of performing sedentary work, and the ALJ accepted the testimony of the VE without qualification.  The ALJ did not identify any evidence that established Rush was capable of more than sedentary work.

The evidence in the record and the findings of the ALJ establish Rush was closely approaching advanced age (over 50), had a high-school education, and did not have any transferrable skills.  Tr. 19, 393-95.  When those facts are combined with the VE's testimony that a person with the RFC determined by the ALJ could perform only sedentary jobs, the Medical-Vocational Guideline grids in Appendix 2 indicate Rush falls under Rule 201.14, which requires a finding of "disabled."  *See* 20 C.F.R. part 404, subpt. P, app. 2., Rule 201.14.  *See also Distasio*, 47 F.3d at 349-50.

Accordingly, the Court concludes Rush is disabled and, therefore, is entitled to benefits. Thus, the Court need not address Rush's remaining points of error.

## REMAND

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id*. The second and third prongs of the test often merge into a

single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

Here the Court has determined the testimony of the VE combined with the Medical-Vocational Guidelines set forth in the Social Security regulations at 20 C.F.R. part 404, subpart P, appendix 2, require the ALJ to find on this record that Rush is disabled, and, therefore, further proceedings are futile because no outstanding issues remain.


### CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

IT IS SO ORDERED.

DATED this 23rd day of January, 2008.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge